UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RODNEY A. HURDSMAN                    CIVIL ACTION NO. 15-cv-1724

VERSUS                                JUDGE HICKS

HOWARD KEITH WHITE, ET AL             MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

**Introduction**

Rodney Hurdsman ("Plaintiff") is a self-represented prisoner currently confined in a Texas jail. He alleges that FBI agent Howard "Keith" White and other law enforcement officers searched his automobile at a Shreveport casino and then seized the automobile and its contents.

Plaintiff commenced this action by filing a Petition for Return of Property and Declaratory Relief pursuant to Fed. R. Crim. P. 41(g). Before the court is the Government's Motion to Dismiss (Doc. 15). The Government argues that (1) the court should decline jurisdiction due to pending state-court criminal charges or (2) deny the petition because the United States does not possess Plaintiff's property. For the reasons that follow, it is recommended that the Government's motion be granted on the grounds that the Government does not possess the property Plaintiff seeks.

**Relevant Facts**

The relevant facts include allegations made in Plaintiff's petition and documentary evidence submitted by the Government. Plaintiff alleges in his petition that he and his wife visited the Eldorado Hotel and Casino in Shreveport in September 2014 and parked their 2001 BMW X-5 in the casino's guest parking garage. Agent White and other law enforcement officers arrested him based on an arrest warrant out of Arkansas and took him to the Shreveport city jail. Petition, ¶¶ 7-20. Plaintiff alleges that Agent White came to the jail and forced Plaintiff to give him the keys to the BMW. The officers then allegedly conducted a warrantless search of the BMW and seized property including $6,400 in one hundred dollar bills and a manilla folder that contained family birth certificates, military records, college transcripts, occupational licenses, and other personal documents. ¶¶ 22-30.

Plaintiff alleges that he and his wife waived extradition to Arkansas and, a few months later, the Arkansas charges were dismissed. Meanwhile, Plaintiff alleges, family members attempted to take possession of the BMW and property, but the Shreveport Police Department and U. S. Marshal told them they had no knowledge of the car or its whereabouts. ¶¶ 31-34. Plaintiff invokes Rule 41(g) and prays that the "Defendants" return his BMW, money, and property or compensate him for the loss. He also seeks a declaration that his rights under the United States and Louisiana Constitution were violated by unlawful searches and seizures. ¶¶ 44-50.

The Government apparently agrees that Plaintiff and his wife were arrested on September 29, 2014 at the casino on warrants out of Arkansas. The Government submits

documents that provide additional facts. For example, Police reports indicate that the BMW was seized on the date of the arrests and towed to the Shreveport police storage facility and secured inside. A state court judge issued a search warrant dated October 6, 2014, a few days after the arrest, to allow police to search a vehicle at the Shreveport police impound lot for any evidence relating to any of nine bank robberies committed in Oklahoma, Illinois, Colorado, Arkansas, Florida, and Texas. A return on the search warrant indicates that the search was conducted by a group of officers that included Agent White and another FBI agent, Shreveport police officers, and law enforcement authorities from Round Rock, Texas. The return indicates that more than $2,700 in currency was seized, as well as items such as clothing, a folder full of assorted documents, and cell phones. Motion To Dismiss, Doc. 15, Exs. 1-3.

     A Shreveport police officer executed Release of Evidence/Property forms on the date of the search to reflect that the seized cash and other items were released and transferred to the Round Rock, Texas Police Department. Documents show that the BMW was held at the Shreveport central storage facility for some time. Notices were sent to Plaintiff's wife (the registered owner of the BMW) and a lienholder to notify them that the vehicle was in storage by the city police, they had a right to request a hearing, and the vehicle would be sold if the outstanding storage charges were not timely paid. It appears that the vehicle was later sold. Exs. 4-5.

     Round Rock is located in Williamson County, Texas. On May 19, 2015, the day after this court received Plaintiff's petition, the Williamson County grand jury indicted Plaintiff

on multiple counts of aggravated robbery based on crimes involving the use of a firearm that were committed in July and September 2014. The indictments alleged that Plaintiff had a prior federal conviction for bank robbery in the Northern District of Texas in 2002. The Texas state charges apparently remain pending. Plaintiff has filed a pro se motion to suppress in the state court proceedings that challenges the lawfulness of the search of the BMW and related seizures. Exs. 6-7.

**Analysis**

The Government argues that the court should decline to exercise jurisdiction over this petition because, among other reasons, there is a pending criminal case in which the same issues are presented. The Government has a reasonable argument on that point, but the court may also deny the petition for a more basic reason: The Government does not possess the property in question. The Government's motion denies that the United States possesses any of the property that Plaintiff seeks, and the motion is supported by documents that back that representation. Plaintiff's response alleges that the search was unlawful and that the Government's assertions are "misleading and false," but he offers no specific facts or evidence to contest the Government's direct representation that it does not possess the property at issue.

The Government does not have the property Plaintiff is seeking, so his motion must be denied "because the government cannot return property it does not possess." Bailey v. United States, 508 F.3d 736, 740 (5th Cir. 2007). "A finding that the government actually possesses the property sought is a necessary predicate to the resolution of a Rule 41(g)

motion." U.S. v. Oduu, 564 Fed. Appx. 127, 130 (5th Cir. 2014). "[A] court may summarily dismiss a Rule 41(g) motion for lack of jurisdiction where there is no evidence of record to show that the property in question was ever in the possession of the federal government." U.S. v. Armando-Perdomo, 2015 WL 1538823 (E. D. La. 2015) (internal quotations omitted).

The Government has presented evidence that supports its position that the United States does not possess the property at issue. The Government's evidence shows that one or more FBI agents may have participated in Plaintiff's arrest and the search of his car, but the court has not been advised that any federal charges were brought against Plaintiff related to those events. Plaintiff and his property were taken into custody by state authorities in connection with Arkansas and later Texas state-law criminal charges. The BMW registered to Plaintiff's wife was sold by the City of Shreveport, not the federal government. The other items Plaintiff seeks have been in the possession of Round Rock, Texas authorities since October 2014, several months before Plaintiff filed this petition in May 2015. Plaintiff has not responded with any evidence that would create a genuine dispute of material fact on this key element of his claim. The Government is, therefore, entitled to judgment summarily dismissing Plaintiff's petition.

Accordingly,

**IT IS RECOMMENDED** that the Government's **Motion to Dismiss (Doc. 15)** be **granted** and that Plaintiff's petition be **dismissed** on the grounds that the United States does not possess the property at issue.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 9th day of May, 2016.

Mark L. Hornsby
U.S. Magistrate Judge