UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

RODNEY A. HURDSMAN                                  CIVIL ACTION NO. 15-1724

VERSUS                                                    JUDGE S. MAURICE HICKS, JR.

HOWARD KEITH WHITE, ET AL.                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Plaintiff commenced this action by filing a Petition for Return of Property and Declaratory Relief pursuant to Federal Rule of Criminal Procedure 41(g). The Government then filed a Motion to Dismiss. See Record Document 15. Now before the Court is the Report and Recommendation of the Magistrate Judge, which recommends granting the Government's motion and dismissing Plaintiff's petition. See Record Document 18 at 5.

Plaintiff filed objections to the Report and Recommendation on July 11, 2016 and the Government responded to such objections on July 25, 2016. See Record Documents 20 & 21. On September 8, 2016, the Government moved the Court for leave to file a supplemental memorandum. See Record Document 23. Leave was granted and the memorandum was filed on September 9, 2016. See Record Documents 24 & 25. Plaintiff was also given until September 22, 2016 to file a response to any new material submitted by the Government. See Record Document 24. To date, Plaintiff has filed no such response.

In the Report and Recommendation, the Magistrate Judge reasoned:

> The Government argues that the court should decline to exercise jurisdiction over this petition because, among other reasons, there is a pending criminal case in which the same issues are presented. The Government has a reasonable argument on that point, but the court may also

> deny the petition for a more basic reason: The Government does not possess the property in question. The Government's motion denies that the United States possesses any of the property that Plaintiff seeks, and the motion is supported by documents that back that representation. Plaintiff's response alleges that the search was unlawful and that the Government's assertions are "misleading and false," but he offers no specific facts or evidence to contest the Government's direct representation that it does not possess the property at issue.
>
> The Government does not have the property Plaintiff is seeking, so his motion must be denied "because the government cannot return property it does not possess." Bailey v. United States, 508 F.3d 736, 740 (5th Cir. 2007). "A finding that the government actually possesses the property sought is a necessary predicate to the resolution of a Rule 41(g) motion." U.S. v. Oduu, 564 Fed. Appx. 127, 130 (5th Cir. 2014). "[A] court may summarily dismiss a Rule 41(g) motion for lack of jurisdiction where there is no evidence of record to show that the property in question was ever in the possession of the federal government." U.S. v. Armando-Perdomo, 2015 WL 1538823 (E. D. La. 2015) (internal quotations omitted).

Record Document 18 at 4-5.

The supplemental memorandum submitted by the Government states that the FBI recently notified the United States Attorney's Office that subsequent to Plaintiff's arrest, the agency did in fact obtain custody of evidence related to Plaintiff's Williamson, County, Texas criminal case for testing and investigatory purposes. See Record Document 25 at 1. Counsel for the Government argues that Magistrate Judge Hornsby's Report and Recommendation recommending dismissal of the action is still proper despite this new information because the Government's primary argument in its Rule 12(b)(1) motion remains applicable in that Plaintiff's claim for return of property is barred by his pending criminal prosecution. See id., citing Record Document 15-1. This Court agrees.

Discretionary exercise of equitable jurisdiction over an action brought under Rule 41(g) is proper "only if the motion is solely for the return of property and is in no way tied to a criminal prosecution . . . against the movant can the proceedings be regarded as

independent." Di Bella v. U.S., 369 U.S. 121, 131-132, 82 S.Ct. 654, 660 (1962). The record in this case confirms that Plaintiff is the defendant in a pending criminal prosecution in which he has filed evidentiary motions that allege the same constitutional violations referenced in the instant civil action. Plaintiff must utilize the criminal forum to assert any claims pertaining to property seized incident to his arrest. Plaintiff's petition is dismissed, as this Court declines jurisdiction over the matter.

Accordingly,

For the reasons assigned in the foregoing Memorandum Ruling and in the Report and Recommendation of the Magistrate Judge previously filed herein, and having thoroughly reviewed the record, including the written objections filed, and concurring with the findings of the Magistrate Judge under the applicable law;

**IT IS ORDERED** that the Government's Motion to Dismiss (Record Document 15) is **GRANTED** and Plaintiff's petition is **DISMISSED**.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this the 30th day of September, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE